Phillip JONES, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CRIM. 93–81138.

United States District Court, E.D. Michigan, Southern Division.

June 27, 2002.

---

Phillip Jones, Greenville, IL, pro se.

Joseph Allen, Assistant U.S. Attorney, Detroit, MI, for respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

ANNA DIGGS TAYLOR, Chief Judge.

Petitioner has filed several motions currently pending before this court. Petitioner brings these motions pursuant to the following federal rule and statutes: 1) Rule 35(a) of the Federal Rules of Criminal Procedure ("Rule 35(a)"); 2) 18 U.S.C. § 3582(c); and 3) 18 U.S.C. § 3742(a). In each of these motions, Petitioner asserts that he received an unlawful sentence and is seeking to have his sentence reduced. For the reasons stated below, Petitioner's motions must be DENIED and this matter DISMISSED.

### I.

In February 1995 a jury found Petitioner guilty of four counts of a five count indictment. The counts were: Count One, conspiracy to possess with intent to distribute cocaine and cocaine base; Count Three, distribution of cocaine and aiding and abetting; Count Four, attempt to possess with intent to distribute cocaine and aiding and abetting; and Count Five, use and carrying firearms during and in relation to a drug trafficking crime and aiding and abetting. On May 25, 1995, this Court sentenced Petitioner to concurrent terms of 120 months each on Counts One, Three, and Four; and a consecutive term of 360 months on Count Five.

On the date of sentencing, Petitioner filed a timely notice of appeal. The Sixth Circuit Court of Appeals subsequently affirmed Petitioner's conviction and sentence. Following his sentencing and the Sixth Circuit ruling, Petitioner has filed a multitude of largely unsuccessful motions. These motions include four motions filed pursuant to 28 U.S.C. § 2255 requesting that his sentence be vacated, set aside, or otherwise corrected; three motions under Rule 33 of the Federal Rules of Criminal Procedure requesting a new trial; two Rule 35(a) motions requesting that his sentence be corrected; motions under *Apprendi v. New Jersey*, 528 U.S. 1018, 120 S.Ct. 525, 145 L.Ed.2d 407 (1999) requesting to be re-sentenced; and two motions filed pursuant to 18 U.S.C. § 3582(c), requesting a sentence modification. All of these motions were ultimately denied by the district court.[1]

### II.

Petitioner makes one sole argument in each of the motions presently before this Court. Petitioner contends that the Supreme Court's decision in *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090 (2000), indicates that the sentence he received—thirty years for the use and carrying of a firearm—is illegal. Under 18

---

1. Of the district court opinions Petitioner appealed, the Sixth Circuit Court of Appeals disagreed with the district court in only one instance. The district court had denied Petitioner's motion for a certificate of appealability after having denied his first § 2255 motion. The Sixth Circuit later granted Petitioner's request for a certificate of appealability as to one issue considering *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Upon review of Petitioner's *Bailey* claims, the Sixth Circuit denied Petitioner's motion and affirmed the district court's judgment.

U.S.C. § 924(c)(1) use and carrying a firearm during a drug crime is an offense punishable by a minimum five-year sentence. Under 18 U.S.C. § 924(c)(1)(B)(ii) the penalty is increased by twenty-five years if the firearm is a machine gun. Petitioner argues that the jury found him guilty of use and carrying a firearm, not a machine gun and at sentencing the Court determined the firearm to be a machine gun. Relying on *Castillo,* Petitioner argues that the type of weapon used while committing a crime under § 924(c)(1) is a separate element of a crime that must be submitted to a jury and proved beyond a reasonable doubt, rather than treated as a sentencing factor and proven by a preponderance of the evidence.

*Castillo* involved defendants who were indicted for, among other things, conspiring to murder federal officers. The jury determined that the defendants had violated § 924(c)(1), and, at sentencing, the judge found that the firearms involved included machine guns and imposed the mandatory 30–year prison sentence. *Castillo,* 120 S.Ct. at 2090. Interpreting § 924(c)(1), the *Castillo* Court held that because the particular type of weapon used increases the maximum sentence, it is an element of the crime and must be proven beyond a reasonable doubt before the trier of fact, and not by merely a preponderance of the evidence before a judge at sentencing. *See generally Castillo,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000).

As to the case before this Court, a jury convicted Petitioner on several counts including use and carrying a firearm during a drug crime. Count Five of the original indictment alleged that the defendant (Petitioner) utilized two firearms, one a fully automatic machine gun. At trial, the Court submitted to the jury a revised indictment which separated the allegation in Count Five regarding the machine gun into a separate Count Six. The Court instructed the jury on the definition of what constituted a machine gun. The Court also instructed the jury to consider Count Six separately. The jury ultimately found the defendant guilty on Count Six. This Court, in applying the provision of the statute related to particular types of guns used during the drug crime, sentenced Petitioner to 360 months for his use of a machine gun. *See* 18 U.S.C. § 924(c)(1)(B)(ii).

If Petitioner is given the benefit of the *Castillo* ruling (which came down *after* his direct appeal), his consecutive sentence will be reduced to five additional years, rather than the thirty to which this Court originally sentenced him. However, this Court will not reach the merits of Petitioner's arguments under *Castillo.* As stated more fully below, this Court lacks jurisdiction to consider this claim and thus, Petitioner's motions must be denied.

### Rule 35(a)

■ The instant is Petitioner's second motion brought pursuant to Rule 35(a). This Rule, titled "correction of a sentence on remand," states that "[t]he Court shall correct a sentence that is determined *on appeal* under 18 U.S.C. § 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable....." Fed.R.Crim.P. 35(a) (emphasis added). Petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals, thus, Rule 35(a) is not applicable to the instant matter and must be DENIED.

### 18 U.S.C. § 3582(c)

■ The instant is Petitioner's third motion brought pursuant to 18 U.S.C. § 3582(c). Section 3582(c) allows a modification of an imposed term of imprisonment

in a limited number of situations. The Court may modify a prisoner's sentence in the following situations: 1) Upon motion of the Director of the Bureau of Prisons if it finds that extraordinary and compelling reasons warrant such a reduction or the defendant is at least 70 years old and has served at least 30 years in prison; or 2) the Court may modify where there is an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or 3) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission. 18 U.S.C. § 3582(c). Petitioner does not specify which of these provisions apply to the instant motion. Indeed, based on an independent review of the record before this Court, none of the provisions of this section apply to the case as Petitioner is not over 70 years of age, no part of Rule 35 permits the Court to modify Petitioner's sentence, and the sentencing commission has not lowered the applicable sentencing range. Therefore, Petitioner's request for relief under 18 U.S.C. § 3582(c) must be DENIED.

### 18 U.S.C. § 3742(a)

■ Section 3742(a) provides that "[a] defendant may file a *notice of appeal* in the district court for review of an otherwise final sentence...." 18 U.S.C. § 3742(a) (emphasis added). This section concerns only the notice that a defendant gives to the district court. It does not create a duty or obligation in the district court. It does not authorize the district court to act on a defendant's motion or other request for the district court to review a defendant's sentence. Section 3742(e) of the statute indicates that the *Court of Appeals* makes the determination as to whether the criminal defendant's sentence "... was imposed in violation of law; was imposed as a result of an incorrect application of the sentencing guidelines; is outside the guideline range, and is unreasonable...." 18 U.S.C. § 3742(e).

### III.

Petitioner has brought myriad motions, each containing the same argument, based on the same set of facts, seeking the same relief. The title of the motions is of no moment as the result is the same. The only potentially applicable statutes or rules Petitioner has brought to the Court's attention require him to first seek the approval of the Sixth Circuit Court of Appeals. Without instruction from the Court of Appeals, this Court does not have jurisdiction to review Petitioner's claims. Finally, it is further noted that this case may be particularly suited for appellate review. Accordingly, Petitioner's motions are hereby DENIED and this matter DISMISSED.

For the foregoing reasons,

IT IS ORDERED that Petitioner's FED R.CRIM.P. 35(a) motion be DENIED and DISMISSED.

IT IS ALSO ORDERED that Petitioner's 18 U.S.C. § 3582(c) motion be DENIED and DISMISSED.

IT IS FURTHER ORDERED that both of Petitioner's 18 U.S.C. § 3742(a) motions be DENIED and DISMISSED.

IT IS SO ORDERED.